RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0035P (6th Cir.)
File Name: 02a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

No. 00-6308

MYRON SMITH,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 00-00014—Curtis L. Collier, District Judge.

Argued: November 14, 2001

Decided and Filed: January 25, 2002

Before: KEITH and COLE, Circuit Judges; MARBLEY,
District Judge.*

---

**COUNSEL**

**ARGUED:** Nikki C. Pierce, FEDERAL DEFENDER
SERVICES, Greeneville, Tennessee, for Appellant. Perry H.
Piper, ASSISTANT UNITED STATES ATTORNEY,

---

*The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES, Greeneville, Tennessee, for Appellant.   Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

————————

## OPINION

————————

   ALGENON L. MARBLEY, District Judge.   Defendant-Appellant, Myron "Bam" Smith ("Smith"), appeals the sentence imposed by the district court following Smith's conviction for distribution of a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1).   Smith assigns error to the district court's denial of a downward departure in the sentence based on (1) the fact that his case falls outside the heartland of cases that have applied the career offender provision of the United States Sentencing Guidelines, given the small quantities of narcotics involved in the present offense and in the predicate felonies that gave rise to Smith's career offender status; and (2) Smith's limited mental capacity.   Jurisdiction is proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

   For the following reasons, the sentence is **VACATED** and the case **REMANDED** for resentencing in accordance with this Opinion.

### I.  BACKGROUND

   On February 8, 2000, Smith was charged in a three-count indictment based on a series of narcotics transactions that he conducted with undercover operatives who had been working at the direction of the Cleveland Police Department.  Through the series of transactions, Smith purported to sell a total of 2.3 grams of crack-cocaine to the undercover operatives.  Each count of the indictment charged Smith with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Smith was arrested on February 22, 2000.

### IV.  CONCLUSION

For the foregoing reasons, this Court **HOLDS** that the district court may have been unaware of its authority to grant a downward departure based on the fact that the Defendant's criminal history category over-represents his actual criminal history, and, therefore, the sentence is hereby **VACATED** and the case **REMANDED** for resentencing in accordance with this Opinion.

On April 24, 2000, the government filed a notice of intent to use three of Smith's prior state convictions for the sale of cocaine to enhance punishment and impeach, pursuant to 21 U.S.C. § 851(a)(1).  The government did not include in its notice of intent a fourth state conviction for the sale and casual exchange of cocaine.  The prior convictions related to crimes committed by Smith between 1989 and 1991, and involved sales of 0.19 gram, 4 rocks, 0.1 gram, and 0.2 gram of cocaine, respectively.

On April 28, 2000, Smith pled guilty to Count One of the indictment pursuant to the terms of a written plea agreement with the government.  The remaining charges were dismissed. Subsequent to the guilty plea, a United States Probation Officer prepared a Presentence Investigation Report.  In calculating Smith's Offense Level and Criminal History Category, the probation officer determined that the three convictions cited by the government, along with Smith's fourth state conviction for the sale and casual exchange of cocaine, constituted predicate offenses under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") to find Smith a career offender. Relying on his career offender status, the probation officer determined that Smith's offense level should be 34, rather than 20, as it would have been had he not been a career offender.  She recommended that the offense level be adjusted downward three levels based on Smith's acceptance of responsibility, and concluded that Smith's Total Offense Level was, therefore, 31.

The probation officer then calculated Smith's Criminal History.  She determined that his career offender status established a criminal history score of 14.  Relying on U.S.S.G. § 4A1.1(e), the officer then added two points to that score because the offense that she was investigating was committed less than two years after Smith's release from custody for the previous conviction for the sale and casual exchange of cocaine.  Under the Sentencing Guidelines, the total criminal history score of 16 placed Smith in Criminal History Category VI. Based on the calculated Offense Level

and Criminal History Category, the probation officer concluded that the Guideline range for Smith's imprisonment was 188 to 235 months.

Prior to sentencing, Smith submitted a Sentencing Memorandum to the district court, seeking a downward departure based on the following grounds: (1) the failure of the career offender guidelines to consider adequately the disproportionate treatment of drug offenders sentenced to the same penalty range for offenses involving drastically different drug quantities; and (2) Smith's diminished mental capacity. With respect to the first basis for departure, Smith noted that each of the prior convictions that was relied on as a predicate felony to determine his criminal history status involved a fairly small amount of crack-cocaine. He asserted that the small amounts that he was selling removed his case from the heartland of cases where the career offender guidelines have been applied. Rather, Smith claimed that his criminal history was the result of a severe drug problem that he attempted to support by selling small amounts of drugs to friends and acquaintances. With respect to the second basis for departure, Smith asserted that he suffers from numerous mental health problems, including depression with psychotic features, and an abnormally low I.Q. (around seventy) that places him in the second percentile range.

On September 8, 2000, Smith was sentenced to a total imprisonment term of 188 months, within the lowest range of the applicable Sentencing Guidelines. During the sentencing hearing, Smith argued the merits of his Sentencing Memorandum. In response to Smith's argument regarding the relatively minimal amounts of drugs he had sold, the court stated, in relevant part:

> [T]his is a sad situation, but I do not believe that the career offender provision here was not intended for people like Mr. Smith . . . . And although Mr. Smith's drug sales for which he was convicted were not all that great, they were still drug sales.

*Washington* clarified that sentencing judges have the discretion to determine that a defendant's criminal history category may overstate his actual criminal history based on the fact that his predicate drug convictions involved small amounts of narcotics. It is unclear, however, whether the sentencing judge below was aware that he had the authority to draw such a conclusion. This ambiguity arises from certain statements made by the court on the record during sentencing. Specifically, the sentencing judge's contention that he was bound by Congress' decision to punish severely repeat offenders, whether he agreed with that decision or not, along with his declaration that he was imposing the "bare minimum" that he could, indicate that the court was not aware of its ability to depart from the Guidelines on this basis.

Because the sentencing court did not have the benefit of this Court's ruling in *Washington* at the time Smith was sentenced, the Court finds that a remand is necessary for the district court to clarify whether it was aware that a downward departure may have been granted because Smith's criminal history category significantly over-represents the seriousness of his prior criminal conduct.[2] In so finding, we do not disturb the rule of *Byrd* that sentencing judges are not required to state affirmatively that they know they have the authority to grant a downward departure, even when they decide that such a departure is unwarranted. Rather, we confine our ruling to the particular statements made by the sentencing judge below indicating that he believed he lacked the authority to grant a downward departure.

---

a case unusual enough to fall outside the heartland of a particular provision of the Sentencing Guidelines).

[2]Of course, the district court is not required to grant a departure if it believes that, based on the facts presented, Smith's criminal history category does not over-represent the seriousness of his prior criminal conduct or the likelihood that he will commit crimes in the future.

00-3389, 00-3392, 2001 WL 1301744 at *5 (6th Cir. Aug. 8, 2001), we found that the district court did not abuse its discretion when it granted a downward departure because the defendant's criminal history category significantly over-represented his prior crimes. In *Washington*, the defendant had previously been convicted for three crimes involving, respectively, eleven rocks of cocaine, one rock of cocaine, and 20.1 grams of cocaine, and had never served time in jail for any of the offenses. *See also United States v. Perez*, 160 F.3d 87, 89 (1st Cir. 1998) (en banc) (plurality opinion) (stating that "smallness," or the fact that the amounts of drugs involved and the defendant's role in prior offenses were both minimal, in combination with other factors, may justify a downward departure).

In recognizing the salience of *Washington*, we distinguish this Court's prior ruling in *United States v. Hays*, 899 F.2d 515 (6th Cir. 1990), where we said that the small quantity of drugs seized in the particular case for which a career offender was being sentenced could not be relied upon as a mitigating factor to permit a downward departure. *Id.* at 519-20. *Hays* is inapposite to the case *sub judice* because the *Hays* court did not consider whether the *predicate convictions* overstated the seriousness of the defendant's criminal past. Indeed, the *Hays* court was not concerned with *predicate convictions* at all. Rather, that court was concerned with the impact of the offense under consideration on mitigation. In *Washington*, the issue was whether the defendant was properly deemed to fall outside the heartland of the career offender provision because the *predicate convictions* over-represented the seriousness of the defendant's criminal history. In this case, the trial court was likewise faced with whether the *predicate convictions* overstated the seriousness of the defendant's criminal past.[1]

---

[1] Particularly in light of *Koon*'s explicit discussion of the method by which sentencing judges should utilize the discretion granted to them by Congress, *Koon*, 518 U.S. at 92-96, we would have trouble concluding that *Hays* prevents courts from doing precisely what we approved in *Washington* (i.e. using their discretion to determine that certain facts make

In response to Smith's argument regarding his limited mental capacity, the court accepted Smith's assertion that he falls within the lower quartile in terms of intelligence, but rejected Smith's motion for a downward departure on that basis. The court explained that it would not rely on Smith's low intelligence as a basis for reducing his sentence because Smith's mental capacity did not affect the likelihood that he would resume selling drugs in the future. The court noted that Smith's mental capacity had no beneficial impact on his previous criminal behavior.

The court declared that it was denying the motion for a downward departure, and then added:

[T]his sentence you're going to receive will be the longest sentence that you've received . . . . That's the way that the Congress of the United States designed things. The sentence that you receive is very, very harsh primarily because of actions of our Congress . . . . Congress has decided that people who engage in repeated sales of drugs are going to be put away for a long time. We can agree or we can disagree with congressional action, but that's what the Congress has decided. And until Congress decides otherwise, then that's going to be the law.

After explicitly describing Smith's sentence, the court asserted that it was imposing that term because it was the "bare minimum" that it could impose.

A judgment was entered on the sentence on September 14, 2000. On September 15, 2000, Smith filed a timely notice of appeal to this Court.

The issue presented on appeal is whether the district court erred by refusing to grant Smith's motion for a downward departure based upon: (1) the fact that the career offender classification over-represents the seriousness of his criminal history; and (2) his diminished mental capacity.

## II.  STANDARD OF REVIEW

This appeal presents mixed questions of law and fact.  The Court reviews *de novo* the issue of whether the district court was aware of its authority to depart downward.  *Koon v. United States*, 518 U.S. 81, 100 (1996); *United States v. Ebolum*, 72 F.3d 35, 37 (6th Cir. 1995) (citations omitted).  The sentencing court's ultimate decision regarding departure is reviewed for an abuse of discretion.  *Koon*, 518 U.S. at 91.

## III.  DISCUSSION

District courts may exercise discretion in sentencing in unusual cases that present either mitigating or aggravating factors that are not taken adequately into consideration by the Sentencing Guidelines, but that impact the appropriate punishment for the crime.  *See Koon v. United States*, 518 U.S. 81, 92-93 (1996) (discussing the history of the Sentencing Guidelines and the discretion that Congress intended for sentencing judges to retain); U.S. SENTENCING GUIDELINES § 5K2.0 (permitting district courts to grant departures based on aggravating or mitigating factors that make the sentencing range imposed by the Sentencing Guidelines inappropriate).  Additionally, U.S.S.G. § 4A1.3 specifically recognizes that, in certain circumstances, a downward departure may be warranted if a defendant's calculated criminal history category significantly over-represents the seriousness of his criminal history or the likelihood that he will commit further crimes.

A district court's denial of a downward departure can be reviewed by this Court only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law.  *United States v. Farrow*, 198 F.3d 179, 199 (6th Cir. 1999); *United States v. Landers*, 39 F.3d 643, 649 (6th Cir. 1994); *see United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995) (noting that "the refusal of a district judge to make a downward departure is not ordinarily appealable").  Sentencing judges have no duty to state affirmatively that they know they have the authority to grant downward departures, as this Court generally presumes that district judges are aware

that they have such discretionary authority.  *Byrd*, 53 F.3d at 145 (citations omitted).  We are, therefore, reluctant to view as ambiguous a ruling in which a sentencing judge does not affirmatively express an awareness of his authority to depart from the Sentencing Guidelines.  *Id.*  This Court also presumes that a sentencing court properly exercises its discretion under the Sentencing Guidelines when it determines that a downward departure is unwarranted.  *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir. 2000) (citations omitted).

### A.  Limited Mental Capacity

The Court finds that the sentencing court below was, in fact, aware of its authority to depart from the guidelines on the basis of Smith's limited mental capacity.  The district court directly addressed this argument, and rejected it because of its concern that Smith's mental capacity had little or no positive impact on his recidivism.  Therefore, the court's decision not to grant a downward departure on that basis is not reviewable by this Court.

### B.  Career Offender Status

This Court finds that the usual presumption that sentencing courts are aware of their authority to depart does not apply to the lower court's decision to deny a departure on the basis that Smith's criminal history category overstated his prior criminal conduct, as the record below is ambiguous in this regard.  It is unclear whether the sentencing judge was aware that he could depart downward because Smith's case fell outside of the heartland of cases in which the career offender provision is usually applied, given the relatively small quantities of drugs involved in his predicate convictions.

This Court recently ruled that, in certain circumstances, the small quantity of drugs upon which a defendant was previously convicted may be a factor, in combination with other mitigating facts, that takes a case out of the heartland of the Guidelines' career offender provision, and justifies a downward departure.  In *United States v. Washington*, Nos.