UNITED STATES of America, Plaintiff–Appellee,

v.

James Steven SEWELL, Defendant–Appellant.

No. 01–5584.

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; and FORESTER, District Judge.*

## ORDER

James Steven Sewell, a federal prisoner, appeals a district court judgment imposed following his guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of money laundering in violation of 18 U.S.C. § 1957. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sewell pleaded guilty in May 2000 to a two-count information charging the two offenses described above. The written plea agreement provided, *inter alia,* that an appropriate disposition of the case would be a sentence within the applicable guidelines sentencing range but that if Sewell

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

provided substantial assistance, the government, within its discretion, would move for a downward departure under U.S.S.G. § 5K1.1. The agreement further stated that Sewell understood that, if the government did make a § 5K1.1 motion, the district court would have discretion whether and how much to reduce his sentence. Because Sewell did not provide the expected assistance and committed another act of fraud after his plea, the government declined to move for a downward departure. The district court sentenced Sewell on March 15, 2001, to 24 months in prison and two years of supervised release. This sentence incorporated a downward departure from the calculated guidelines sentencing range of 51–63 months due to Sewell's medical condition (advanced AIDS).

On appeal, Sewell argues that the district court erred in stating that it had no authority to depart downward for substantial assistance under U.S.S.G. § 5K2.0 where the government did not move for a downward departure.

This court reviews legal conclusions regarding application of the Sentencing Guidelines *de novo*. *United States v. Raleigh*, 278 F.3d 563, 566 (6th Cir.2002). District courts have discretion in sentencing in unusual cases that present either mitigating or aggravating factors that are not taken adequately into consideration by the guidelines. *Koon v. United States*, 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Smith*, 278 F.3d 605, 609 (6th Cir.2002). "A district court's denial of a downward departure can be reviewed by this Court only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law." *Smith*, 278 F.3d at 609. "Mere allegations that a defendant provided substantial assistance are insufficient to invoke court review." *United States v. Hawkins*, 274 F.3d 420, 426 (6th

Cir.2001). The exception to this rule is when a prosecutor's refusal to file a substantial-assistance motion was based upon an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *Hawkins*, 274 F.3d at 427.

The district court did not err when it stated that it lacked authority to depart downward based upon the defendant's substantial assistance absent a motion from the government. *See Hawkins*, 274 F.3d at 420. Sewell attempts to distinguish his case on the ground that he seeks a substantial assistance departure, not under § 5K1.1, which is the section of the Sentencing Guidelines specifically pertaining to such departures, but under § 5K2.0, which is the section covering "other grounds for departure." Sewell's attempt is totally misplaced. Although this circuit has not squarely addressed this issue in a published opinion, every court of appeals that has considered the question has concluded that "[a] defendant cannot avoid the § 5K1.1 government-motion requirement by moving for a departure based on substantial assistance pursuant to U.S.S.G. § 5K2.0." *United States v. Fountain*, 223 F.3d 927, 928 (8th Cir.2000) (collecting cases), *cert. denied*, 532 U.S. 1053, 121 S.Ct. 2195, 149 L.Ed.2d 1026 (2001); *see also United States v. Maldonado–Acosta*, 210 F.3d 1182, 1184 (10th Cir.2000).

Accordingly, the district court's judgment is affirmed.