**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco BLANCO, Defendant–
Appellant.**

No. 02–1330.

United States Court of Appeals,
Sixth Circuit.

Nov. 1, 2002.

Before SILER and DAUGHTREY,
Circuit Judges; and ALDRICH, District
Judge.*

*ORDER*

Francisco Blanco appeals his judgment
of conviction and sentence. The parties
have expressly waived oral argument pur-
suant to Rule 34(j)(3), Rules of the Sixth
Circuit, and we agree that oral argument
is not necessary. Fed. R.App. P. 34(a).

Blanco pleaded guilty to a charge that
he conspired to distribute more than five
kilograms of cocaine. He was sentenced
to 262 months of imprisonment to be fol-
lowed by five years of supervised release.

In his timely appeal, Blanco argues that
the district court erred by denying his
motion for a downward departure.

Blanco's contention that the district
court should have granted him a down-

ward departure is not cognizable in the
circumstances presented in this case. At
sentencing, Blanco contended that he was
entitled to a downward departure in his
offense level, pursuant to USSG § 4A1.3,
because his criminal history category sig-
nificantly overrepresented the seriousness
of his criminal history. A district court's
discretionary decision not to depart down-
ward from the guidelines range ordinarily
is not appealable. *United States v. Byrd,*
53 F.3d 144, 145 (6th Cir.1995). An appeal
may be taken, however, when the district
court believed that it lacked any authority
to depart downward as a matter of law.
*United States v. Landers,* 39 F.3d 643, 649
(6th Cir.1994). To determine whether the
court believed that it lacked authority to
deviate from the guidelines, we examine
the transcript of the sentencing hearing.
*United States v. Ebolum,* 72 F.3d 35, 37
(6th Cir.1995). Our review of the sentenc-
ing transcript reveals that the district
court did not mistakenly believe that it
lacked the authority to grant the request-
ed departure: it merely found that a de-
parture was not appropriate in light of the
particular circumstances of the case. This
issue is unappealable. *United States v.
Buchanan,* 2000 WL 183881 (6th Cir.2000).

Contrary to Blanco's contentions, our
holding in *United States v. Smith,* 278
F.3d 605, 611 (6th Cir.2002) is distinguish-
able. In *Smith,* we were unable to discern
from the record whether the district court
was aware of its authority to depart. *See
id.* (stating that the district court's ambig-
uous statements made it unclear whether
the court was aware of its discretion to
depart). In addition, the applicability of
*Smith* was limited to the specific facts of
that case; the most salient fact being that
the sentencing court stated that it imposed

* The Honorable Ann Aldrich, United States
District Judge for the Northern District of

Ohio, sitting by designation.

the "bare minimum" sentence that it was authorized by law to impose. *Id.* No such statement can be gleaned from the record of the instant case.

Accordingly, we affirm the district court's judgment.