**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darryl Keith WILLIAMS,**
**Defendant–Appellant.**

No. 03–1339.

United States Court of Appeals,
Sixth Circuit.

June 14, 2004.

Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Suzanna Kostovski, Detroit, MI, for Defendant–Appellant.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

### ORDER

Darryl Keith Williams, represented by counsel, appeals his judgment of conviction and sentence. Williams is deemed to have waived oral argument because he failed to respond to this court's show cause letter concerning the waiver of such argument, and the government has expressly waived oral argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Williams of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). During the sentencing hearing, the district court asked both defense counsel and the prosecutor whether they thought that Williams's criminal history score was overstated because of the age of the convictions and the fact that Williams had not had any convictions in approximately five years. Defense counsel stated that he did not believe that Williams's criminal history was overstated, but he did make an oral request for a downward departure because Williams had not been convicted of an offense since 1996. The prosecutor agreed that Williams's criminal history was not overstated, noting that the convictions used to calculate the criminal history were not too old to be counted. The district court concluded that there were no factors that removed Williams from the "heartland area" of cases in the United States Sentencing Guidelines and it denied the request for a downward departure. The court then sentenced Williams to 110 months of imprisonment.

Williams has filed a timely appeal, arguing that counsel rendered ineffective assistance because he did not argue that Williams was entitled to a downward departure because his criminal history overstated the seriousness of his criminal past.

Initially, we conclude that the record is sufficiently developed to permit this court to review Williams's claim that counsel rendered ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003). The issue of Williams's criminal history was squarely raised by the district court and addressed by defense counsel. Furthermore, Williams is proceeding with new counsel on appeal.

Williams has not established that counsel rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The reviewing court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). To satisfy the prejudice prong of the *Strickland* test, the defendant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

Counsel did not render ineffective assistance. USSG § 4A1.3 allows for a downward departure from the Guidelines range when a defendant's criminal history score significantly over-represents the seriousness of his criminal history or the likelihood that he will commit another crime. *United States v. Smith*, 278 F.3d 605, 611

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

(6th Cir.2002). However, the sentencing court must determine that certain aspects of the case are unusual enough for it to fall outside the heartland of cases in the Guidelines. *United States v. Crouse,* 145 F.3d 786, 788–89 (6th Cir.1998).

█ As stated above, counsel did make an oral request for a downward departure, noting that Williams had not been convicted of a criminal offsense since 1996. Although Williams argues that counsel should have based the request on § 4A1.3, the record clearly establishes that the district court ultimately concluded that Williams was not entitled to a departure on the basis that his criminal history was overstated. The district court stated that there were no factors that took Williams "out of the heartland area" of the Guidelines and that he had not "been out of trouble" for long enough to reduce his criminal history points. The sentencing court was clearly authorized to consider Williams's 1990 and 1993 convictions because they were within fifteen years of his current offense. *See* USSG § 4A1.2(e). Williams has not established that the district court's conclusion was inaccurate, and as such, he cannot establish that counsel rendered ineffective assistance for failing to request a downward departure under § 4A1.3.

Furthermore, contrary to Williams's argument, the record reflects that there was a likelihood that Williams would commit another crime. Although Williams has not been convicted of any crime since 1996, he readily acknowledged that he continued to smoke marijuana on a daily basis. Williams's continuous abuse of marijuana constitutes a regular violation of the law. Indeed, Williams had been smoking marijuana while driving on the day he was arrested for the instant offense. It has been held that an argument that a defendant's criminal history category over-rep-resents his criminal past is almost never appropriate where the defendant's criminal history reflects recidivism in drug offenses. *United States v. Stockton,* 349 F.3d 755, 764–65 (4th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1695, 158 L.Ed.2d 385 (2004).

Accordingly, we affirm the judgment of conviction and sentence.