**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Myron SMITH, Defendant–Appellant.**

No. 03–5394.

United States Court of Appeals,
Sixth Circuit.

July 9, 2004.

Perry H. Piper, Asst. U.S. Attorney, Christopher D. Poole, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Bryan H. Hoss, Davis & Wallace, Chattanooga, TN, for Defendant–Appellant.

Before: KEITH and COLE, Circuit Judges; and MARBLEY, District Judge.*

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## OPINION

MARBLEY, District Court Judge.

Defendant–Appellant, Myron "Bam" Smith ("Smith"), appeals the sentence imposed by the district court following a remand pursuant to this Court's earlier decision, *United States v. Smith*, 278 F.3d 605 (6th Cir.2002). In its initial decision, the Court vacated Smith's sentence after his conviction for distribution of a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Court found it to be unclear whether the district court was aware of its authority to depart from the United States Sentencing Guidelines on the basis that Smith's criminal history category overstated his prior criminal conduct. On remand, the district court, after explaining that it was aware of its authority to depart downward for that reason, imposed the same sentence it had previously imposed. Smith now contends that this Court's order was a limited remand order that required the district court to adjust his sentence downward, rather than a general remand order that permitted the district court to resentence him de novo. Jurisdiction is proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

For the following reasons, the Court **AFFIRMS** the sentence imposed by the district court upon resentencing.

## I. BACKGROUND

On April 28, 2000, Smith pled guilty to one count charging him with distribution of crack cocaine in violation of 21 U.S.C. § 841(a). A United States Probation Officer subsequently prepared a Presentence Investigation Report recommending that Smith be sentenced as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines (the "Sentencing Guidelines"). Smith filed a motion for a

downward departure on the ground that his criminal history category overstated his prior criminal conduct because his predicate convictions involved relatively small quantities of drugs—0.19 gram, 4 rocks, 0.1 gram, and 0.2 gram of cocaine, respectively. On September 8, 2000, the district court denied the motion for a downward departure and sentenced Smith to 188 months' imprisonment, which was at the lowest end of the guideline range. Smith appealed the denial of the downward departure.

In its decision upon appeal, this Court initially noted that "[a] district court's denial of a downward departure can be reviewed by this Court only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law." *Smith*, 278 F.3d at 609. After considering the transcript of the sentencing hearing and noting that the district court's sentencing decision preceded the Court's decision in *United States v. Washington*, No. 00–3389, 2001 WL 1301744 (6th Cir. Aug.8, 2001),[1] this Court held that "a remand is necessary for the district court to clarify whether it was aware that a downward departure may have been granted because Smith's criminal history category significantly over-represents the seriousness of his prior criminal conduct." *Smith*, 278 F.3d at 610–11. As a footnote to that statement, the Court added the following: "Of course, the district court is not required to grant a departure if it believes that, based on the facts presented, Smith's criminal history category does not over-represent the seriousness of his prior criminal conduct or the likelihood that he will commit crimes in the future." *Id.* at 611 n. 2.

1. In *Washington*, this Court held that a district court was legally permitted to depart downward where a defendant's criminal history category significantly over-represented his prior crimes.

On remand, Smith filed a renewed motion for a downward departure in which he again argued that the career offender provision over-represented his prior criminal conduct based on the relatively small amounts of drugs involved in his prior convictions. At the resentencing hearing, the district court explicitly stated that it was aware of its authority to depart downward on the basis urged by Smith. The district court concluded, however, that Smith was a likely recidivist and that the previously imposed sentence of 188 months was therefore appropriate. Smith appealed. He argues that this Court made a finding that his criminal history category significantly over-represents the seriousness of his criminal conduct and that the district court erred in failing to follow this mandate.

## II. STANDARD OF REVIEW

The Court's interpretation of whether the remand order was a limited or a general order is a legal issue that is reviewed de novo. *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir.2003); *United States v. Moore*, 131 F.3d 595, 598 (6th Cir.1997). As the Court explained in *O'Dell*, "if a remand is general, the district court can resentence the defendant *de novo*, which means the district court may redo the entire sentencing process including considering new evidence and issues. When the remand is not general, the district court's resentencing authority is limited to the issues remanded." *O'Dell*, 320 F.3d at 679 (internal citation, quotation marks, and brackets omitted). One difference between limited and general remands is "the presence of limiting language." *Id.* at 680–81.

The Court reviews de novo the issue of whether the district court was aware of its authority to depart downward. *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The sentencing court's ultimate decision regarding departure generally is reviewed for an abuse of discretion. *Id.* at 91.

## III. DISCUSSION

■ This Court's previous opinion involved a general remand order, rather than a limited remand order. Footnote 2 of the Court's previous opinion is dispositive on this point. In footnote 2, the Court specifically stated that the district court was not required to grant a departure: "Of course, the district court is not required to grant a departure if it believes that, based on the facts presented, Smith's criminal history category does not over-represent the seriousness of his prior criminal conduct or the likelihood that he will commit crimes in the future." *Smith*, 278 F.3d at 611 n. 2. Nothing in the opinion stated that the remand was limited, and there was no "limiting language." *O'Dell*, 320 F.3d at 680. Smith points to various statements in the opinion that suggest that this Court believed that Smith's criminal history category did indeed over-represent the seriousness of his prior criminal conduct; however, any inference of a limited remand that may be drawn from those statements is contradicted by the explicit language in footnote 2, which states that the district court is free to exercise its discretion and conclude otherwise.

■ At Smith's resentencing, the district court stated unambiguously that it was aware of its authority to depart downward based on Smith's criminal history category over-representing the seriousness of his prior criminal conduct:

The Court was aware at the time [of the first sentencing hearing], and is aware now, that it did have the authority to depart on the basis that the defendant's career offender status overrepresented the seriousness of his prior criminal conduct....

. . . .

The Court is going to reimpose the identical sentence that it imposed before. And the Court wants to make it very, very clear that the Court understood at the time, and understands now, that it does have the authority to depart downward on the basis of the issue identified by [defense counsel]. The Court considered that issue along with other issues. And the Court assumes that it has the authority to depart downward for other issues, also, but chooses not to depart downward at all.

A district court's denial of a downward departure can be reviewed by this Court only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law. *United States v. Farrow*, 198 F.3d 179, 199 (6th Cir.1999); *see United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995) (noting that "the refusal of a district judge to make a downward departure is not ordinarily appealable"). Here, the district court clearly understood that it had the authority to grant the sort of departure requested by Smith. There was no abuse of discretion in its decision not to grant that departure. The district court based its decision on a number of factors, including Smith's likelihood of recidivism:

Based upon the defendant's past conduct and the statements that he made in court, I think it is fairly safe to predict that as soon as this defendant is out of jail, he's going to be selling drugs again, specifically crack cocaine.

. . . . If you are dealing with street-level drug dealers, the quantities involved are always going to be very, very low. . . . So if we use the criteria that there has to be a large quantity of drugs each time, that means that street-level drug dealers could never qualify for career offenders.

Smith's reliance on *United States v. Washington*, No. 00–3389, 2001 WL 1301744 (6th Cir. Aug.8, 2001), is misplaced. There, this Court held that a district court had not abused its discretion by departing from the Sentencing Guidelines based upon its conclusion that the defendant's criminal history category significantly over-represented his prior crimes. *Washington* does not require a district court always to depart downward on this basis, even where the court finds that a criminal history category significantly over-represents a defendant's prior crimes. Here, the district court recognized that, pursuant to *Washington*, it legally could grant Smith's motion for a downward departure. It distinguished *Washington*, however, on the grounds that the defendant in *Washington* had not served any time in prison for his prior convictions, while Smith already had served lengthy prison terms and yet continued to engage in the same criminal conduct upon his release. Based on Smith's likely recidivism, the district court properly exercised its discretion to deny the motion for a downward departure.

## IV. CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the sentence imposed by the district court upon resentencing.