NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0722n.06
Filed: October 4, 2006

No. 05-5806

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

GERALD CARTER,

        Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent-Appellee.

_____/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**Before: MARTIN and DAUGHTREY, Circuit Judges, and REEVES, District Judge.**[1]

**DANNY C. REEVES, District Judge.** Petitioner-Appellant Gerald Carter appeals his conviction and sentence following a jury trial for possession with intent to distribute 37.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Carter alleges that the evidence introduced a trial was insufficient to support the jury's verdict and that the district court erred in sentencing him as a career offender. For the reasons discussed below, we **AFFIRM** the district court's judgment.

On February 27, 2004, Officers Billy Tod Bowman and Sergeant Jeffrey Middleton of the Lexington, Tennessee Police Department and Investigator Bobby Christopher James of the Henderson County Sheriff's Office arrived at Carter's residence in Henderson County with an arrest

_____

[1]    The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

warrant. Officer Bowman identified Carter driving a teal-green Camaro, approached his vehicle, and advised him of the warrant. Officer Bowman testified at trial that he noticed a "large bag of rock cocaine in his hand" as Carter was exiting the vehicle. Bowman further testified that he first saw the bag of cocaine in Carter's right hand and that he and Carter struggled and fell to the ground while Bowman was trying to place Carter in handcuffs. During the struggle, Bowman observed Carter place the cocaine in the front of his pants. Officer James also testified to seeing a "plastic bag with something white" in Carter's right hand prior to the struggle.

The officers subdued Carter and placed him in handcuffs with his hands behind his back. Officer Bowman then conducted a pat-down search of Carter and testified that he felt "a round ball" of rock cocaine "between his knee and the upper torso." Bowman testified that he did not remove the narcotics or conduct a strip search of Carter at that time because other residents were watching. Sergeant Middleton then took Carter into custody and testified that he searched Carter for weapons and did not "recall finding anything on Mr. Carter's person at that time." Officers Bowman and James searched the area for any narcotics on the ground and did not find any.

Sergeant Middleton placed Carter in the back seat on the driver side of the patrol car with another suspect, Jimmy Williams, on the passenger side. Sergeant Middleton had arrested Williams fleeing the scene, believing that Williams was Carter. The officers searched Williams twice before placing him in the patrol vehicle and did not find any weapons or contraband during either search. Williams testified at trial that he was waiting for Carter so that he could get cocaine from him and that he had received cocaine from Carter in the past.

Sergeant Middleton transported the two suspects to jail and observed Carter "fidgeting excessively" and "moving around a lot" in the back seat of the patrol vehicle, while Williams was "barely moving." Sergeant Middleton further testified that, "[a]t one point he [Carter] actually – by pushing on the screen directly behind me, he was pushing his body to where it was straight. He would fall out of view several times over into the passenger's side of the rear portion of the vehicle." Williams also testified that Carter was moving around in the backseat of the vehicle and that "I don't know what he was doing, but he got something and put it on my side of the car," and "he laid down in the police car, down in the floorboard of the car. He said his chest was hurting."

Sergeant Middleton testified that, upon arriving at the jail and removing both suspects from the vehicle, he searched the back seat of the car "[b]ecause based on my experience in doing these type of things, it was obvious to me that there was an attempt to conceal something . . ." Middleton located a package of what was later determined to be cocaine on the passenger side of the vehicle under the floor mat. Before removing the package, Sergeant Middleton contacted Officer James who photographed the location of the package. Jessica Lynn Webb, a forensic toxicologist with the Tennessee Bureau of Investigation, testified that the package received from the Henderson County Sheriff's department contained 37.1 grams of cocaine base. The package was not checked for fingerprints.

Carter pled not guilty to the one count indictment charging him with possession with intent to distribute 37.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On February 18, 2005, Carter was found guilty following a jury trial. At sentencing, the district judge considered the

presentence report, as well as Carter's education, intelligence, and history of substance abuse in

determining an appropriate sentence. The presentence report indicated that the adjusted offense level

was 30, with a criminal history category VI based on Carter's "extensive criminal history." The

presentence report also indicated that Carter was a career offender, which increased the offense level

to 37, with an applicable guideline range of 360 months to life, eight years of supervised release, a

fine of $20,000.00 to $4,000,000.00, and a $100 special assessment. Carter objected to the

calculations including his status as a career offender and requested a sentence for the offense level

30, with a range of 168-210 months. The district court overruled Carter's objection and concluded

that the presentence report properly determined Carter's status as a career offender. The court further

found in applying the guidelines as advisory under *Booker*:

> In your case, a guideline range of 360 months to life, it seems to me, is unreasonable. That's far, far too many months given your background. I specifically refer to the fact that you have a long history of substance abuse. Also particularly important to the court is the notation in the presentence report that you suffer from intellectual skills that others have - your guideline - I mean your IQ scores indicate verbal skills of 70 and performance skills of 54. You have limited education and limited intellectual capacity. The court's going to take that into account in fashioning a sentence in this case.

Based on these considerations, the court sentenced Carter to 240 months imprisonment, eight

years of supervised release, and a special assessment of $100. The court entered the judgment on

May 18, 2005, and Carter filed a Notice of Appeal two days later. Thus, this court has jurisdiction

to hear the appeal pursuant to 28 U.S.C. § 1291.

## I. Sufficiency of the Evidence

-4-

To prevail on a claim of insufficient evidence, the defendant must prove that no "rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005). The evidence is viewed in the light most favorable to the prosecution, and the defendant claiming insufficiency of the evidence "bears a heavy burden." *United States v. Jefferson*, 149 F.3d 444, 445 (6th Cir. 1998). This court has consistently held that it "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and that this rule applies whether the evidence is direct or wholly circumstantial." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

To find Carter guilty of possession with intent to distribute, a rational trier of fact must have been able to find each of the following elements beyond a reasonable doubt: "(1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute." *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006) (*citing United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995)). Carter contends that the evidence introduced at trial was constitutionally insufficient to support the jury's verdict. Specifically, he points to the "inconsistent testimony" of the arresting officers, and the "fifty-fifty proposition" that the cocaine belonged to Williams as opposed to Carter. The inconsistent testimony is alleged to arise from the officers' testimony regarding the pat-down searches, as Officer Bowman testified that he located a "round ball" on Carter's person, while Sergeant Middleton testified that he did not "recall finding anything" when he patted Carter down for weapons before placing him in the patrol vehicle. Carter also points to the "unrealistic"

circumstances surrounding his arrest because the officers did not remove the narcotics from his person prior to the transport. In sum, Carter contends that the conflicting testimony, combined with the "unrealistic" circumstances and the fact that the officers did not recover the narcotics until after Carter and Williams were transported, could not lead a rational jury to find Carter guilty beyond a reasonable doubt.

This Court has repeatedly affirmed that "[i]n cases in which we assess the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994) (*citing United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989). "We defer to the jury's resolution of witness credibility and, where there is conflicting testimony, to its selection between competing inferences. The evidence need not be inconsistent with every conclusion save that of guilt, so long as it establishes a case from which a jury could find the defendant guilty beyond a reasonable doubt." *Jefferson*, 149 F.3d at 445 (citations omitted).

In the present case, Officers Bowman and James testified to seeing a package containing a white substance in Carter's hand prior to the arrest and to witnessing Carter place the package in the front of his pants. In addition, Officer Bowman testified that he located the package in the pat-down search immediately following the arrest. Both Sergeant Middleton and Jimmy Williams testified that Carter was moving around in the vehicle near the passenger floor board where Middleton later found the narcotics. Williams also testified that he was at Carter's residence to obtain cocaine from him and that he had obtained cocaine from him in the past. Based on the testimony presented at trial,

a rational trier of fact could conclude that Carter possessed the cocaine with intent to distribute at the time of his arrest.

Carter is essentially arguing that the testimony presented at trial is not credible, and such an argument "'is merely a challenge to [the witness's] credibility packaged as an insufficiency of the evidence claim.' Thus, because 'attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence,'" Carter has not stated a claim for insufficiency of the evidence on which relief should be granted. *Barnett*, 398 F.3d at 522 (citations omitted) (emphasis and alteration in original).

## II. Career Offender Status

Carter also contends that the district court's determination of his status as a career offender violated the Sixth Amendment based on Justice Thomas' concurring opinion in *Shepard v. United States*, 544 U.S. 13 (2005). "A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review." *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005). Additionally, the standard of review for a constitutional challenge to a sentence is de novo. *United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006).

Specifically, Carter argues that the fact of his prior convictions should have been submitted to the jury and proved beyond a reasonable doubt in order to be used to increase the statutory maximum sentence for his conviction.[2] Carter acknowledges the prior rulings of this Court in *United*

---

[2]     In Defendant's Position Regarding Sentencing Factors, Carter also raised the issue of over-representation of the seriousness of his criminal history as discussed by the Court in *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002). Carter failed to raise this issue in his brief, and the Court notes that the application of *Smith* is without merit in this case because of the Appellant's extensive criminal history. The

*States v. Barnett*, 398 F.3d 516 (2005), and *United States v. Bradley*, 400 F.3d 459 (2005), holding

that prior convictions used in sentencing need not be proved beyond a reasonable doubt, and requests

that this Court reconsider the issue.

The Supreme Court has expressly reaffirmed the prior crimes exception to the requirement

that facts increasing the statutory maximum be submitted to the jury and proved beyond a reasonable

doubt. *United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (*other than a prior conviction*)

which is necessary to support a sentence exceeding the maximum authorized by the facts established

by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt.") (emphasis added); *see also Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000).

Moreover, in *United States v. Hill*, 440 F.3d 292 (6th Cir. 2006), this Court addressed and rejected

the argument that Justice Thomas' concurring opinion should cause this Court to reconsider *Barnett*,

citing the Supreme Court precedent that "'if the precedent of this Court has direct application in a

case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals

should follow the case which directly controls, leaving to this Court the prerogative of overruling

its own decisions.'" *Hill*, 440 F.3d at 299 n.3 (*citing Tenet v. Doe*, 544 U.S. 1, 10-11 (2005)).

Pursuant to the Sentencing Guidelines, a defendant is a career offender if he is at least

eighteen years old at the time he committed the instant offense, if the instant offense is a felony and

either a crime of violence or controlled substance offense, and if he has at least two prior convictions

for felony offenses which are either a crime of violence or controlled substance offense. U.S.

---

Court otherwise finds that Appellant has waived his right to appeal the issue. *See Dillery v. City of Sandusky,*
398 F.3d 562, 569 (6th Cir. 2005); *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999).

Sentencing Guidelines Manual § 4B1.1 (2006). Carter was thirty-three years old at the time he committed the controlled substance offense for which he was convicted on February 18, 2005. His extensive criminal history detailed in the presentence report qualifies him for sentencing as a career offender. Because the facts and nature of prior convictions can be determined by the district court and because the district court properly determined Carter's status as a career offender, this Court affirms the district court's sentencing determinations.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the Judgment of the District Court.