**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0845n.06
Filed: December 13, 2007

**No. 06-1796**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JEROME WHITEHEAD, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge.  Jerome Whitehead appeals the denial of his motion to dismiss his 18 U.S.C. § 924(c) conviction stemming from Count Three on the ground that the indictment was duplicitous.  Specifically, he claims that Count Three's twin "carriage" and "use" crimes, which appear together in § 924(c) but articulate separate crimes, threatened his right to a unanimous jury verdict. *See United States v. Savoires*, 430 F.3d 376 (6th Cir. 2005).  Whitehead also contends that his sentence for Counts One and Two was substantively and procedurally unreasonable.  Because Whitehead did not argue the Count Three duplicitous-indictment issue in his first appeal and because the remand order excluded that Count from a second round of appellate review, we dismiss that aspect of his appeal.  As for Counts One and Two, we affirm the district court's reasonable sentence.

I

After monitoring suspicious transactions at a Detroit house, officers obtained a search warrant. As police entered the house and spotted Whitehead, he ran to the basement, where police eventually arrested him. A few feet from where Whitehead had been sitting, the police discovered a loaded Mossberg shotgun. In his pockets and socks, they found thirty-seven plastic bags containing crack cocaine, along with sixty-seven dollars in small bills.

A jury convicted Whitehead of being a felon in possession of a firearm (Count One), possessing controlled substances with the intent to distribute (Count Two), and possessing a firearm in furtherance of drug trafficking (Count Three). Whitehead appealed with mixed success; the panel rejected his Fourth Amendment and sufficiency-of-the-evidence challenges, but remanded the first two counts for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), because the district court applied then-mandatory Sentencing Guidelines. *United States v. Whitehead*, 415 F.3d 583 (6th Cir. 2005). The panel did not remand Count Three—possessing a firearm in furtherance of drug trafficking—because that offense carried a mandatory minimum sixty-month sentence and thus could not have been changed even under the advisory regime *Booker* wrought. *Id*. at 590. At resentencing the district court nevertheless took up Whitehead's challenge to Count Three, deciding that although the indictment charged two offenses in one count, the jury instructions cured any error.

II

The first question we address is whether the Count Three issue is properly before us. The government says that it is not and that the district court should never have considered the duplicitous-indictment claim given the limited *Booker* remand: "We have no need, however, to remand Count Three for reconsideration because 18 U.S.C. § 924(c)(1)(A) requires a minimum sentence of five-years . . . . [W]e AFFIRM Whitehead's conviction, but REMAND the case for resentencing in accordance with *Booker*." *Whitehead*, 415 F.3d at 590. Given that the mandate rule leaves the district court "without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand," *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999), that "this Court [generally] lacks authority to consider any issues on appeal that were beyond the scope of the limited remand," *United States v. Robinson*, 503 F.3d 522, 527 (6th Cir. 2007), and that Whitehead fails to brief the point, we agree with the government and limit our consideration to the subject of the remand order: Counts One and Two.

III

Whitehead claims that his sentence was both procedurally and substantively unreasonable. We review post-*Booker* sentences for reasonableness, which "merely asks whether the trial court abused its discretion." *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *see also United States*

*v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007).  As we have explained, reasonableness review has two elements: "the length of the sentence— substantive reasonableness" and "a procedural component: whether the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a) to permit meaningful appellate review."  *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (internal quotation marks omitted).

*Substantive Unreasonableness.*  In exercising sentencing discretion, district courts must "impose a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing in § 3553(a)(2).  *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).  A sentence falling within a properly calculated Guidelines range is credited with a rebuttable presumption of reasonableness.  *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *Rita*, 127 S. Ct. at 2462.

Although Whitehead's seventy-month sentence for Counts One and Two puts his sentence at the minimum of the applicable advisory range of seventy to eighty-seven months, he complains that even his minimum sentence should be viewed as unreasonable because the district court failed to factor into its calculation his mandatory sixty-month sentence.  According to Whitehead, a significantly lighter sentence was reasonable for Counts One and Two in view of the additional five years imposed for Count Three.  Our reasonableness inquiry, however, does not measure the effect of a mandatory consecutive sentence as part of its assessment of discretionary sentencing factors, because "[w]hen any downward variance of the guideline range is based upon the effect of a

mandatory sentence, congressional intent is repudiated, just as if the mandatory sentence itself had been reduced." *United States v. Franklin*, 499 F.3d 578, 584–85 (6th Cir. 2007). Rejecting then the argument Whitehead proffers to demonstrate error, we are not persuaded to find his sentence substantively unreasonable.

*Procedural Unreasonableness.* The well-known § 3553(a) factors include the nature and circumstances of the offense and the history of the defendant, along with the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant, and provide the defendant with needed training and medical care. Although district courts must consider the § 3553(a) factors, this court has never combed court records for a reference to every factor. *See Williams*, 436 F.3d at 708–09 (noting the district court need not "explicitly discuss each factor"). Instead, this court seeks "some evidence on the record that the § 3553(a) factors were considered," *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006), in order to avoid "appellate micromanaging of the sentencing process," *United States v. Jones*, 445 F.3d 865, 871 (6th Cir. 2006).

The Supreme Court's recent sentencing decision in *Rita*, 127 S. Ct. 2456, confirms this Circuit's view that a basic discussion suffices. *See Liou*, 491 F.3d at 338 ("*Rita* indicates that when a sentencing judge concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy."). Here the court noted its "discretion to fashion a reasonable sentence," as well as its

obligation to "consider the possible departures under the guidelines and the 3553(a) factors to see if there's anything which takes the sentence out of the guideline range." JA 125. The court also recommended that Whitehead participate in a residential, comprehensive drug treatment program, fulfilling the § 3553(a)(2)(D) imperative to consider "provid[ing] the defendant with needed . . . training [and] medical care." These statements, along with the court's evaluation of mitigation arguments posed at sentencing, evidence the court's consideration of the § 3553(a) factors.

But Whitehead faults the district court's failure to explain its responses to all of his mitigation arguments for a lower sentence. Whitehead first complains about the district court's failure to credit his "highly productive" work in vocational programs and his good conduct. At the resentencing hearing, defense counsel noted the sheaf of certificates reflecting Whitehead's work, and the defendant described prison as "a learning experience," where he had "demonstrated and accomplished a lot." JA 125. For one thing, the court indicated it *had* listened to Whitehead's account of prison activities, stating, "[A]lthough I do believe that you have made an effort, and hopefully you will continue to make an effort to make the . . . best of your time in prison, I just don't see any reason to depart." JA 125. More importantly, the district court did not have to consider Whitehead's rehabilitative conduct, since "consideration of post-sentencing factors is incompatible with the limited scope of a *Booker* remand." *United States v. Keller*, 498 F.3d 316, 324 (6th Cir. 2007); *see also United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006).

Next, Whitehead argues that the district court should have acknowledged the "significant disparity between the federal range [for firearm crimes] and the possible state sentence of 2 years." JA 20. As with post-sentencing rehabilitative conduct, this court treats the disparity between federal and state penalties as irrelevant because "§ 3553(a)(6)'s admonition that sentencing courts avoid unwarranted disparities is directed only at federal court to federal court disparities, not those that may exist between federal and state courts." *United States v. Malone*, 503 F.3d 481, 486 (6th Cir. 2007). In *Malone*, we explained that taking these disparities into account "re-inject[s] the locality disparity that the Sentencing Reform Act of 1984 ('SRA') was designed to guard against." *Id*.

Finally, Whitehead claims that the district court erred in not considering his request for a downward departure because his criminal history category overstated his actual criminal history, exaggerating the impact of minor offenses. We cannot review a lower court's denial of a downward departure unless the district court incorrectly believed that it lacked the authority to grant such a departure. *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002); *see also United States v. Gale*, 468 F.3d 929, 937 (6th Cir. 2006). The record indicates that the court recognized its ability to grant a departure but decided not to do so. At the first sentencing, the court discussed Whitehead's criminal history: "I think that the record shows a life which is . . . a revolving door of convictions, paroles, violations, more incarcerations, more violations, and he is right on the edge of being a career offender." JA 99. The court also noted, "[T]his is a very serious offense, combination of offenses. I just don't see that the criminal history category is overstated here." JA 99–100. Further, the court

explained that the calculation arose from a combination of the substantive offenses and the timing of the offenses after Whitehead's recent release from other sentences. JA 96.

Whitehead renewed this argument at his resentencing. Although the court did not again explain its reasoning, it stated, "I just don't see any reason to depart from the guidelines, and I'm not going to do that. I'm going to reimpose the same sentence that I imposed originally *for the same reasons*." JA 125–26 (emphasis added). Because the district court understood its discretion to grant a downward departure, we cannot review its decision declining to do so. *See Smith*, 278 F.3d at 609.

Taken together, the sentencing hearings show that the district court adequately considered the § 3553(a) factors and Whitehead's mitigation arguments. *See Robinson*, 503 F.3d at 530 n.2 (noting, "[T]his Court may consider the findings made [during a resentencing hearing] in conjunction with the original sentencing hearing."). Accordingly, we find Whitehead's sentence procedurally reasonable.

IV

Finding Whitehead's duplicitous-indictment challenge outside the scope of the earlier panel's limited remand, we do not review it. We affirm Whitehead's sentence.