**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0071n.06
Filed: January 23, 2008

**No. 07-5270**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FLOYD HARRIS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: RYAN and DAUGHTREY, Circuit Judges; and COHN, District Judge.**[*]

**AVERN COHN, District Judge**. This is a criminal case. Defendant-Appellant Floyd Harris ("Harris") appeals his sentence of 188 months imposed following a guilty plea. Harris raises one issue on appeal—whether the district court recognized that it had the authority to depart downward in light of defendant's argument that the application of the career offender classification overstated his criminal history. For the reasons that follow, we affirm.

**I.**

On November 27, 2006, Harris pled guilty to possession of more than five grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

After the plea, a presentence investigation report ("PSR") was prepared using the 2006 edition of the Federal Sentencing Guideline Manual. Because the total drug weight attributable to Harris was 22.1 grams of cocaine base, Harris had a base offense level of 28 in accordance with U.S.S.G. § 2D1.1(c)(6). The adjusted offense level remained at 28 because Harris had no enhancements. However, the PSR found that under U.S.S.G. § 4B1.1 Harris qualified as a career offender. As a result, his offense level was raised to 34. Harris received a three level reduction for acceptance of responsibility. This yielded a total offense level of 31. Under U.S.S.G. § 4B1.1(b), career offenders have a criminal history category of VI. The guideline range for a total offense level of 31 and a criminal history of category VI is 188 to 235 months.

On February 22, 2007, Harris filed a Position Paper, requesting a downward departure on the grounds that application of the career offender status overstated his prior criminal history.

At sentencing, on February 26, 2007, Harris again argued that he should be sentenced below the guidelines range because his prior convictions, which resulted in the career offender classification, involved relatively minor amounts of drugs for which he received a term of four years that was suspended except six months in the county jail. Harris noted that without the career offender classification, his total offense level would be 25 with a criminal category of IV. This would result in a guideline range of 84 to 105 months. Harris argued for a sentence at the lower end of that range.

The district court stated that the guidelines range in the PSR, which included the career offender classification, was correct. After examining the factors under 18 U.S.C. § 3553(a), the

2

district court imposed a sentence of 188 months. The district court did not explicitly rule on Harris's request for a downward departure or the authority to grant such departure.

## II.

Harris first argues that the district court failed to state on the record that it recognized its authority to depart downward. This argument lacks merit. Our precedents make clear that a district court is not required to state whether it has the authority to depart downward. *See United States v. Byrd*, 53 F. 3d 144, 145 (6th Cir. 1995) (stating "there is no duty on sentencing judge to state affirmatively that he knows he possesses power to make downward departure."); *United States v. Prince*, 214 F.3d 740, 767 (6th Cir. 2000) (same); *United States v. Lucas*, 357 F.3d 599, 609-10 (6th Cir. 2002) (same).

Harris also says that he is entitled to a resentencing, citing *United States v. Thomas*, 49 F. 3d 253, 260 (6th Cir. 1995). In *Thomas*, a panel of this Court found that the record contained some ambiguity on the language whether the district judge was aware of his discretion to downwardly depart. Similarly, in *United States v. Smith*, 278 F. 3d 605, 611 (6th Cir. 2002), a panel of this Court remanded the case to the district court to clarify whether the judge knew that he had the discretion to grant the defendant a downward departure.

Harris's reliance on *Thomas* and *Smith* is misplaced. The fact that the district court did not specifically state on the record that it recognized its authority to depart downward does not create an ambiguity. To the contrary, the district court clearly understood that Harris's guidelines were one of several sentencing factors under § 3553(a). The district court also found that

3

Harris's guidelines, including the career offender classification, were properly calculated. The district court discussed each of the § 3553(a) factors and rendered a sentence it found appropriate. We find nothing in the district court's statements, even in light of the Supreme Court's recent decisions in *Kimbrough v. United States*, __ U.S. __, 128 S.Ct. 558 (2007) and *Gall v. United States*, __ U.S. __, 128 S.Ct. 586 (2007), which alters our conclusion that the district court understood and fulfilled its sentencing obligation.

**III.**

For the reasons stated above, Harris's sentence is AFFIRMED.