NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0186n.06

No. 09-2402

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES LEE CREWS,

    Defendant-Appellant.

                                         /

**FILED**
**Mar 28, 2011**
LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    MERRITT, CLAY, and GRIFFIN, Circuit Judges.

    **CLAY, Circuit Judge.**  Defendant James Lee Crews appeals the reasonableness of his 72 month sentence imposed by the district court for knowingly possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841, and knowingly conspiring to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846. For the reasons stated below, we **AFFIRM** Defendant's sentence.

**STATEMENT OF FACTS**

    On January 8, 2007, Michigan State Police officers arranged to buy two ounces of crack cocaine at a motel in Flint, Michigan from Samuel Sharon Upchurch, Defendant Crews' co-defendant in this case. Defendant and Upchurch arrived at the motel together, and proceeded to the motel room where the controlled buy was scheduled to take place. After Defendant and Upchurch

arrived at the designated motel room, police officers searched Defendant and Upchurch. The police found 45.34 grams of cocaine on Defendant's person, which Defendant had offered to sell to the police.

On April 18, 2007, a federal grand jury returned an indictment against Defendant Crews and Upchurch. The indictment charged Defendant with one count of knowingly possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841, and one count of knowingly conspiring to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846.

Initially, Defendant pled guilty to knowingly possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841 on January 30, 2009, pursuant to a Rule 11 plea agreement. Subsequently, Defendant breached the plea agreement, and the government moved for its withdrawal. Defendant's counsel agreed to withdrawal of the plea agreement, and on May 29, 2009 the district judge granted the government's motion to withdraw. Defendant did not, however, withdraw his guilty plea as to this count. On September 4, 2009, Defendant also pled guilty to knowingly conspiring to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846.

The Presentence Report ("PSR") calculated Defendant's offense level at twenty-five and Defendant's criminal history category at III, producing an advisory guidelines range of 70 to 87 months of incarceration. Neither party objected to the PSR's calculations. However, Defendant filed a motion requesting that the district court depart downward from the guidelines range, arguing

that Defendant's criminal history category of III overstated the significance of Defendant's criminal history.

The district court sentenced Defendant on October 16, 2009. After the parties explained their sentencing requests, the district judge stated that he was "going to impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)." (R.59, Tr. of Sentencing at 19.) Specifically, the district court explained:

> The Court has considered the nature of the circumstances of the offense. I saw the crack cocaine. It was a significant amount of crack cocaine that you were dealing . . . . You were found to be in possession of 45.34 grams of crack cocaine and of course 5.3 grams of marijuana was found in the car. So it is a serious offense. Considering your history and characteristics . . . . You're going to be 25 in another month. I noted that your parents were married. Your mother eventually re-married, you were raised by your step-father. You didn't have any contact with your natural father . . . . I noted that you have a history of depression. You have substance abuse issues with alcohol and marijuana which I will deal with later in the sentence I impose. You have a ninth grade education. You have no vocational skills and let's turn to your employment . . . . I'm trying to figure out how you supported yourself the last seven or eight years. I know you were – clearly know you were dealing drugs, but outside of dealing drugs I'm wondering how you supported yourself . . . . I don't see where you have a real good work history at all. It's just the opposite, which makes me wonder how you supported yourself all these years. I have considered your history and your characteristics. I have considered the need for the sentence imposed to reflect the seriousness of the offense. Now, for about fourteen years . . . . I've been dealing in cases involving crack and powder cocaine. Crack cocaine is much more addictive, much more serious than powder cocaine. People that use crack cocaine [have] a much, much higher rate of addiction where they just can't make the break after using it the first time they take it. So – and we know you were found with a substantial amount of crack cocaine and we know what crack cocaine does to people, it destroys lives, it destroys families. So this is a serious offense. You were dealing crack cocaine. Not a little bit of crack cocaine, you were not sitting on a corner dealing a little bit of crack cocaine, you had a lot of crack cocaine . . . . [F]rom where I sit today, I'm certainly not comfortable saying that when you get done with your term of incarceration that you will not . . . go back and continue to commit crimes and continue to deal drugs.

(*Id*. at 19-22.)

After laying out its perception of Defendant and his offense, the district court discussed the statutory requirements in imposing Defendant's sentence.

> The Court has considered the kinds of sentences available, in fact, the guidelines are correctly scored at 70-87 months . . . . [T]he Court has considered the kinds of sentences available and the sentencing range of the guidelines that are of course advisory. The Court has considered the need to avoid unwarranted sentencing disparities, amongst defendants with similar records, so the Court has considered all factors under 18 U.S.C. Section 3553(a) in imposing the sentence.

(*Id*. at 22.)

Finally, the district court discussed Defendant's sentence in light of his individual characteristics. The district court stated,

> So, who do I have in front of me? I have an individual with minimal contacts in the community. I have an individual with a sketchy – sketchy employment history. I have an individual who has not taken any steps that I've seen to better himself and better society. I have an individual who deals crack cocaine . . . and I have an individual who has been convicted of counts three and four . . . . For [those] convictions . . . this Court considering the sentencing guidelines which are of course advisory and the factors contained in U.S.C. Section 3553(a) . . . hereby commits you to the custody of the United States Bureau of Prisons for a term of 72 months on each of counts three and four to run concurrent . . . . Upon release you will be placed on supervised release for a term of three years on each count to run concurrent.

(*Id*. at 22-23.)

After sentencing Defendant, the district court asked the parties if they had any objections to the sentence. Neither party objected. (*Id*. at 25.)

Defendant timely appealed his sentence to this Court.

## DISCUSSION

This Court "review[s] all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). This reasonableness review "has two components: procedural and substantive." *Id*. at 578. "Consequently, [the Court's] reasonableness review requires inquiry into both the length of the sentence and the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009).

Defendant challenges the procedural and substantive reasonableness of his sentence. Specifically, Defendant contends that his sentence is unreasonable for three principal reasons: (1) it was based on a disparity between the advisory guidelines ranges for crack and powder cocaine offenses; (2) it is disproportionately longer than that of his co-defendant, Samuel Upchurch; and (3) Defendant's criminal history category of III substantially over-represents the seriousness of his prior offenses. Because Defendant does not clarify which of his objections challenge his sentence's procedural reasonableness, and which challenge its substantive reasonableness, we will evaluate the procedural and substantive reasonableness of each.

### I.      Procedural Reasonableness

#### A.      Standard of Review

In reviewing a challenge for procedural reasonableness, this Court applies one of two standards of review. This Court reviews preserved sentencing challenges "under a deferential abuse-

of-discretion standard for reasonableness." *Id*. However, "[w]here a defendant fails to properly preserve an issue for appeal, that claim is subject to a review for plain error only." *Id*. at 580.

**B.      Analysis**

Prior to evaluating the procedural reasonableness of Defendant's sentence, this Court must "determine what standard of review applies" by "determin[ing] whether [Defendant] preserved these claims for appeal." *Bolds*, 511 F.3d at 578. As we held in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), "district courts are required, after announcing sentence, to ask the parties whether they have any objections to the sentence that have not previously been raised." *Herrera-Zuniga*, 571 F.3d at 578. If the defendant fails to raise an error "[w]here the sentencing judge complies with this procedure, the defendant generally forfeits the right to challenge on appeal any procedural errors to which he did not object at the time of sentencing." *Id*. Unpreserved procedural challenges will be reviewed for plain error only. *Id.* at 581.

Defendant challenges the procedural reasonableness of his sentence based on the sentencing guidelines' crack/powder disparity, the divergence between Defendant's and Upchurch's sentences, and his contention that Defendant's category III criminal history substantially over-represents the seriousness of his criminal history. As required by *Bostic*, after sentencing Defendant, the district court asked whether Defendant had any objections to the sentence. (R.59, Tr. of Sentencing at 25.) Defendant did not object to his sentence at the sentencing hearing; therefore, we review the procedural reasonableness of Defendant's sentence for plain error.

Procedural reasonableness review "begins with a robust review of the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Bolds*, 511 F.3d at 578. Specifically,

> [i]n reviewing sentences for procedural reasonableness the Court must ensure that the district court: (1) properly calculated the applicable advisory Guideline range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*Id*. at 581.

In reviewing the district court's application of the § 3553(a) factors "there is no requirement . . . that the district court engage in a ritualistic incantation to establish consideration of a legal issue" or that it "make specific findings related to each of the factors considered." *Id*. However, in order for a sentence to be procedurally reasonable "the record must contain the district court's rationale for concluding that the sentence imposed is sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *Id*. The district court must provide "an articulation of the reasons [it] reached the sentence ultimately imposed." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005). This Court has further explained that, "[s]imply listing the § 3553(a) factors and various characteristics of the defendant without referring to the applicable Guidelines range or explaining the decision to stay within or deviate from that range is insufficient." *Bolds*, 511 F.3d at 580 (quoting *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006)). Instead, to be procedurally reasonable, "[t]he district court must provide a clear explanation of why

it has . . . chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines." *Bolds*, 511 F.3d at 580.

Moreover, to establish plain error in an unreserved procedural reasonableness challenge, "a defendant must show (1) error[,] (2) that was obvious or clear, (3) that affected defendant's substantial rights[, and] (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

"This Court's opinion in *Vonner* shows that plain error review should be extremely deferential to the sentencing judge." *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) However, the *Vonner* "majority acknowledged that the crucial question is 'whether the record makes clear that the sentencing judge . . . was fully aware of the defendant's circumstances and took them into account in sentencing him.'" *Id*. (quoting *Vonner*, 516 F.3d at 387). *Vonner* "emphasizes that the record must make clear that the sentencing judge considered the evidence and arguments" in sentencing Defendant. *Id*. at 805 (same).

## 1. Crack/Powder Sentencing Disparity

Defendant first contends that had he "possessed and conspired to [] possess with intent to distribute 45 grams of powder cocaine on January 8, 2007, his base offense level would have been 14, his total offense level with a two level adjustment for acceptance of responsibility, and his advisory guideline range would become 15-21 months." (Br. of Appellant at 11.) Therefore, Defendant requests that this Court "remand this case to the district court to consider a variance from the crack/powder disparity." (*Id*. at 14.)

8

The Supreme Court stated in *Spears v. United States*, that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." 555 U.S. 261, 129 S. Ct. 840, 843-44 (2009) (per curiam); s*ee also Kimbrough v. United States*, 552 U.S. 85, 110 (2007) ("[I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purposes, even in a mine-run case.").

However, as Defendant recognizes, "[t]he Sixth Circuit has repeatedly rejected constitutional challenges to the crack/powder disparity including those based on due process, equal protection and the Eighth Amendment." (Br. of Appellant at 11.); s*ee also United States v. Blair*, 214 F.3d 690, 702 (6th Cir. 2000); *United States v. Bingham*, 81 F.3d 617, 630-31 (6th Cir. 1996); *United States v. Hill*, 79 F.3d 1477, 1488-89 (6th Cir. 1996); *United States v. Pickett*, 941 F.2d 411, 418-19 (6th Cir. 1991). Moreover, this Court has stated that, "a sentencing court is not required to vary or disagree with the crack cocaine guidelines post-*Kimbrough*. A within-Guidelines sentence for a crack cocaine offense post-*Kimbrough* may still survive a reasonableness inquiry." *United States v. Smith*, 350 F. App'x 54, 57 (6th Cir. 2009) (italics added). Put simply, discretion to vary from the guidelines based on policy considerations does not imply a requirement to vary from the guidelines based on policy considerations.

In sentencing Defendant, the district court explicitly addressed the differences between crack and powder cocaine. The district court stated,

> Now, for about fourteen years . . . I've been dealing in cases involving crack and powder cocaine. Crack cocaine is much more addictive, much more serious than powder cocaine. People that use crack cocaine [have] a much, much higher rate of addiction where they just can't make the break after using it the first time they take

it. So – and we know you were found with a substantial amount of crack cocaine and we know what crack cocaine does to people, it destroys lives, it destroys families. So this is a serious offense. You were dealing crack cocaine. Not a little bit of crack cocaine, you were not sitting on a corner dealing a little bit of crack cocaine, you had a lot of crack cocaine.

(R. 59, Tr. of Sentencing Hearing at 21.) By explaining the seriousness of crack cocaine in its estimation, the district court "adequately articulated its reasoning for imposing the particular sentence chosen." *Bolds*, 511 F.3d at 581. The district court thus did not plainly err, and this aspect of the district court's sentence was not procedurally unreasonable.

## 2.      Disproportionate Sentencing

Defendant challenges the reasonableness of his sentence based on the disparity between his 72 month sentence, and his co-defendant's 60 month sentence.

Section 3553(a)(6) requires sentencing courts to "consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Moreover,

> [i]n considering a sentencing judge's obligation to address sentencing disparities under § 3553(a)(6), this Court has been clear that, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, does not apply to co-conspirators. This factor concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct.

*Wallace*, 597 F.3d at 803.

Therefore, in sentencing a defendant, "[a] district judge is not required to consider the disparity between the sentences of co-defendants. A district judge, however, may exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." *Id*. Furthermore, to be procedurally reasonable, a sentence "based on consideration of the [§ 3553(a)]

10

factors does not require a rote listing . . . . The district judge is only under a more rigorous duty to make explicit its consideration of the factors when a defendant makes a particular argument." *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007).

In this case, Defendant did not raise the issue of national sentencing uniformity addressed in § 3553(a)(6) during the sentencing hearing. Thus, the district court was under no specific obligation to address it in specific detail, particularly as "national uniformity is generally taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *Id*. at 626.

Moreover, Defendant did not raise, and indeed could not have raised, the disparity between his and Upchurch's sentences, as Upchurch was sentenced several months after Defendant. Nevertheless, the district court implicitly rejected any challenge based on a divergence between Defendant's and Upchurch's sentences by pointing out that, "Upchurch was in possession of 1.17 grams of crack cocaine. [Defendant] w[as] found to be in possession of 45.34 grams of crack cocaine and of course 5.3 grams of marijuana was found in the car." (R. 59, Tr. of Sentencing Hearing at 19.)

The district court's discussion of the fact that the police found a significantly greater quantity of drugs on Defendant's person than on Upchurch's person is sufficient to explain any differences in the co-defendants' sentences. Defendant's procedural reasonableness challenge on this ground thus fails.

### 3.     Criminal History Category

Finally, Defendant argues that his criminal history category substantially over-represents the seriousness of his prior offenses.  The PSR calculated Defendant's criminal history at III.  Although Defendant moved the district court for a downward departure from that criminal history category, Defendant did not object to this calculation.  Nevertheless, Defendant states that, "[i]t is apparent from the record that the sentencing judge erroneously concluded that Mr. Crews was a repeat drug dealer and offender."  (Br. of Appellant at 12.)

This Circuit "has adopted a categorical approach" in determining whether a prior offense is relevant in determining a Defendant's criminal history category. "Generally speaking, only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine" a Defendant's criminal history.  *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006). Moreover, this Court "generally presumes that district judges are aware that they have [the] discretionary authority to depart downward" from a criminal history category.  *United States v. Smith*, 278 F.3d 605, 610 (6th Cir. 2002).  However, on review this Court can find "that the usual presumption that sentencing courts are aware of their authority to depart does not apply." *Id.*

In this case, the district court indicated that based on Defendant's "sketchy – sketchy employment history," (R. 59, Tr. of Sentencing Hearing at 22.), it did not believe that Defendant's criminal history category over-represented the seriousness of his past criminal activities.  The district court also expressed concern about Defendant's chances of recidivism, stating that it was "certainly not comfortable saying that when [Defendant] get[s] done with [his] term of incarceration that [he] will not . . . go back and continue to commit crimes and continue to deal drugs."  (*Id*. at 21-22.)

However, there is no evidence that the district court misconstrued Defendant's sentence, or was unaware of its discretion to depart downward. In fact, the record in this case suggests the contrary, that the district court exercised its discretion in refusing to depart downward.

### C. Summary

Defendant's sentence of 72 months of incarceration was not procedurally unreasonable. We therefore **AFFIRM** the district court's decision.

### II. Substantive Reasonableness

#### A. Standard of Review

This Court reviews the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Bolds*, 511 F.3d at 578. Our substantive reasonableness review "requires inquiry into . . .the length of the sentence and the factors evaluated . . . by the district court in reaching its sentencing determination." *Herrera-Zuniga*, 571 F.3d at 581.

#### B. Analysis

Defendant also challenges the substantive reasonableness of his sentence. The district court sentenced Defendant to a 72 month term of imprisonment, a sentence at the low end of the 70 to 87 month guidelines range.

In contrast to the requirements for procedural reasonableness review, a defendant "is not required to object to the substantive reasonableness of his sentence to preserve the issue for appeal." *Id*. at 578. Substantive reasonableness review focuses on the appropriateness of "the length of the sentence," *id.* at 581, and scrutinizes whether a sentence is adequate, but not "greater than necessary

to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *Id*. at 590. This

Court has elaborated that,

> [o]verall, the district court's task is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the statutory sentencing scheme. A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.

*United States v. Presley*, 547 F.3d 625, 630-31 (6th Cir. 2008).

The substantive reasonableness inquiry "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Bolds*, 511 F.3d at 581. In this inquiry we "apply a rebuttable presumption of substantive reasonableness" to "sentences within the Guidelines." *Id*.

This Court has clarified that, "[r]egardless of whether [this Court] would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *Id*. at 591.

Here, as discussed above, the district court provided ample reasons for setting Defendant's sentence at 72 months. After discussing the significant amount of cocaine base found on Defendant's person, and his dubious work history, the district court stated that it considered "the need of the sentence imposed to show respect for the law, to promote just punishment for the offense [Defendant] committed, to afford adequate deterrence for criminal conduct and to protect the public from further crimes committed by [Defendant]." (R. 59, Tr. of Sentencing Hearing at 21.) Moreover, the district court explained that it was "certainly not comfortable saying that when

[Defendant] get[s] done with [his] term of incarceration that [he] will not . . . go back and continue to commit crimes and continue to deal drugs." (*Id*. at 21-22.) The district court thus appropriately imposed a sentence that in its view was adequate, but not excessive to accomplish the policies embodied in the § 3553(a) factors.

## C. Summary

The district court did not abuse its discretion in sentencing Defendant to a 72 month term of incarceration. Giving the district court's sentence the deference it is due, we find that Defendant's sentence was not substantively unreasonable. We therefore **AFFIRM** Defendant's sentence.

## CONCLUSION

For the foregoing reasons we **AFFIRM** the district court's judgment.