NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0482n.06

No. 24-5338

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Dec 03, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| KEADRICK DUKE, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. Keadrick Duke appeals his below-guidelines sentence for distributing crack cocaine. As set forth below, we affirm Duke's 70-month sentence.

Duke pleaded guilty to an indictment charging him with two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). According to the presentence report, Duke qualified as a career offender under USSG § 4B1.1 based on his prior felony convictions for controlled substance offenses, which resulted in a guidelines range of 151 to 188 months of imprisonment. Neither party objected to the presentence report's guidelines calculation, but both requested a downward variance from the career-offender range. The district court adopted the presentence report and its guidelines calculation. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court concluded that a substantial downward variance was warranted. The district court sentenced Duke to 70 months of imprisonment followed by three years of supervised release.

In this timely appeal, Duke challenges his below-guidelines sentence. Duke argues that the district court (1) made a factual error in stating that crack cocaine is more addictive than powder cocaine, (2) gave too little weight to his post-offense rehabilitation, including his care for his ailing sister, and (3) gave too much weight to the career-offender range. We review Duke's sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *See United States v. Fugate*, 964 F.3d 580, 583 (6th Cir. 2020).

Although Duke frames his appeal as challenging the substantive reasonableness of his sentence, he raises at least one procedural issue—the district court's alleged factual error. *See United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) ("One situation in which a district court abuses its discretion and imposes a procedurally unreasonable sentence is when it bases the sentence on 'clearly erroneous facts.'" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))). Because Duke did not raise this procedural issue when afforded the opportunity to object at the conclusion of his sentencing hearing, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). Duke must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Duke contends that the district court made a factual error in concluding that there was "a legitimate basis for some disparity" in the treatment of crack and powder cocaine, asserting that the court mistakenly believed that crack cocaine is more addictive than powder cocaine and that "[a] couple of hits of crack cocaine . . . can turn someone, pretty quickly, into an addict." We have recognized that "crack is a more concentrated form of powder cocaine" and "is more addictive." *United States v. Simmons*, 587 F.3d 348, 366 (6th Cir. 2009). And we have upheld a sentence

where a district court made similar statements about crack cocaine's addictive qualities. *See United States v. Crews*, 417 F. App'x 450, 456 (6th Cir. 2011). The Sentencing Commission's 2007 report to Congress, which Duke cites, states that "the risk of addiction and personal deterioration may be greater for crack cocaine than for powder cocaine because of their different methods of usual administration (typically crack cocaine is smoked whereas powder cocaine typically is snorted)." U.S. Sent'g Comm'n, *Report to the Congress: Cocaine and Federal Sentencing Policy* 62 (May 2007). The report continues: "Smoking crack cocaine produces quicker onset of shorter-lasting and more intense effects than snorting powder cocaine. These factors in turn result in a greater likelihood that the user will administer the drug more frequently to sustain these shorter 'highs' and develop an addiction." *Id*. at 63. In light of our prior cases and the Sentencing Commission's report, the district court's statements about crack cocaine's addictive qualities were not clearly erroneous.

Duke also argues that the district court gave too little weight to some factors and too much weight to others. These arguments relate to the substantive reasonableness of his sentence. *See United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) ("One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019))). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020) (citing *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). Given that we afford a within-

guidelines sentence a rebuttable presumption of substantive reasonableness, Duke's burden of demonstrating that his below-guidelines sentence "is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden."). Duke has failed to satisfy that demanding burden.

According to Duke, the district court gave too little weight to his post-offense rehabilitation. But the district court expressly found that Duke's post-offense rehabilitation was "a big factor in his favor." The district court recognized that, after the commission of these drug offenses, Duke had complied with the conditions of his release, maintained employment, and "kept out of trouble." According to the district court, Duke's recent compliance with the law "show[ed] a diminished need to protect the public with a longer sentence." *See* 18 U.S.C. § 3553(a)(2)(C). After imposing a 70-month sentence, "a downward variance of more than 50 percent," the district court commented that his compliance "really helped Mr. Duke at the sentencing."

Duke argues that the district court wrongly discounted an aspect of his rehabilitation—his care for his severely disabled sister. The district court recognized its discretion to consider Duke's family obligations and the caretaking needs of his family members but was "disinclined to put significant weight on" those factors because "federal sentencing . . . is really not focused on those issues" and is not "about the needs for health care or other kinds of care of defendant's family members." According to the district court, "the goal of federal sentencing is not to do all the things we talk about while at the same time making sure that the [defendant's] family members are cared for." The district court expressed concern "about someone getting a lighter sentence because they have people relying on them versus someone" who does not, stating that a "[v]ery strong argument

can be made that the first person is more culpable because they let people down that needed them." The district court noted "the possibility of disparate outcomes based on what ultimately is familial status." *See* 18 U.S.C. § 3553(a)(6). With respect to deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), the district court found that it was appropriate "to deter caregivers from committing crimes specifically on the grounds that criminal activity would" prevent them from carrying out their responsibilities and would take them away from their loved ones. The district court considered Duke's caregiving responsibilities and reasonably declined to place significant weight on that factor for the reasons given by the court.[1] *See United States v. Nunley*, 29 F.4th 824, 834-35 (6th Cir. 2022).

Duke contends that the district court gave too much weight to the career-offender range, asserting that the range was not a useful starting point because the career-offender guideline is flawed and overstated his culpability and likelihood to commit future crimes. But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49; *see also United States v. Pineda*, 755 F. App'x 543, 546 (6th Cir. 2018) (per curiam) ("The district court did not abuse its discretion in using the career-offender guideline as currently written as 'the starting point and the initial benchmark' in determining [the defendant's] sentence." (quoting *Gall*, 552 U.S. at 49)). Duke does not dispute that he qualified as a career offender or that the district court correctly calculated the applicable range under the career-offender guideline.

---

[1] To the extent that Duke argues that the district court failed to follow the analytical framework set forth in the commentary to USSG § 5H1.6, the policy statement addressing departures based on family ties and responsibilities, he raises a procedural objection that he did not raise below. Because Duke did not make a motion for a downward departure under § 5H1.6, the district court did not plainly err in failing to address the circumstances listed in the policy statement's commentary. In any event, § 5H1.6 explains that "family ties and responsibilities are not ordinarily relevant" to departure considerations.

The district court found that the career-offender range failed to take into account Duke's lack of aggravating circumstances and was "too high." Respecting the career-offender range "as being our actual guideline range," the district court considered Duke's range without the career-offender enhancement (70 to 87 months based on a total offense level of 21 and a criminal history category of V) to be "very helpful" and used the low end of that range to "articulate where I'm going to land on the particular sentence." The district court correctly used the career-offender range as its "starting point and an initial benchmark" and reasonably granted "a downward variance of more than 50 percent" from that range.

For these reasons, we **AFFIRM** Duke's sentence.